## ALLEN L. WILLIAMS v. OTTO LARSON.[1]

### July 12, 1918.

### No. 20,981.

**Negligence—contributory negligence — questions for jury.**

> In an action for damages sustained by the plaintiff's minor son in a collision between a motorcycle which he was riding and an automobile driven by the defendant the evidence made issues of fact for the jury on the question of the defendant's negligence and the question of the negligence of the boy, and it was error to direct judgment for the defendant notwithstanding the verdict of the jury for the plaintiff.

Action in the district court for Meeker county by the father of Howard Williams, a minor, to recover $500 for injuries sustained by his son in a collision between defendant's automobile and the boy's motorcycle. The answer alleged that the collision would not have occurred if the minor had not failed to exercise reasonable care to avoid it; that as he approached defendant's automobile he drove his motorcycle at a dangerous and unlawful rate of speed, in excess of 25 miles per hour; that he failed to keep the motorcycle under control and failed to drive it upon the right side of the highway; that at the time of the collision the sun had set and it was very dark upon the road, and that he failed to light any lights upon his motorcycle or to give any signal or warning of his approach. The case was tried before Daly, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $200. Defendant moved for judgment non obstante or for a new trial. The motion for a new trial was denied and the motion for judgment was granted. From a judgment in favor of defendant for costs, plaintiff appealed. Reversed.

*Alva R. Hunt,* for appellant.

*Raymond H. Dart,* for respondent.

[1]Reported in 168 N. W. 348.

DIBELL, C.

Action to recover damages sustained by the plaintiff's son in a collision between his motorcycle and the automobile of the defendant. There was a verdict for the plaintiff. Subsequently the court granted defendant's motion for judgment notwithstanding the verdict. The plaintiff appeals from the judgment.

The plaintiff's minor son, for whose benefit this action is brought, and to whom we will refer as plaintiff, a boy of 18, was riding his motorcycle south on a public highway in Meeker county, on the right hand track, about 8:45 in the evening of July 2, 1917, going about 15 miles an hour. The defendant was coming north, driving his auto, going about 10 or 12 miles an hour. They met at a point where the road was lined on both sides with trees and made darker by them. The light on the plaintiff's cycle was burning. When they were about 150 feet apart, the defendant turned on his lights, the one on the right side alone working, and commenced to turn out, but his left hind wheel was still in the left track when the collision occurred. The jury might have found that he could and should have seen the plaintiff considerably sooner and could and should have turned out before the meeting. The plaintiff claims that when the one light was turned on his eyes were dazzled thereby, and that there being but one light he supposed that it was a spot light; that spot lights are carried on the left of the windshield; that if this one was on the left the auto was safely out of the track in which he was riding, and that dazzled as his eyes were, and perhaps confused, he kept them on the track in which he was riding and proceeded in it until the accident. The facts are in dispute but on the motion for judgment notwithstanding the verdict they must be taken as favorable to the plaintiff as the jury might have found them. We are unable to say as a matter of law that the defendant was not negligent in failing to observe the plaintiff sooner and in not turning out in time to allow a safe meeting; nor can we say, as a matter of law, that the plaintiff, with conditions such as the jury might have found confronting him, was guilty of contributory negligence. There was evidence of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff which made issues for the jury. It might well enough have declined to find the defendant negligent, and

it might well enough have found the plaintiff negligent, but it did neither. Judgment notwithstanding the verdict should not have been directed.

Judgment reversed.